# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO REYES,<br><br>  Petitioner,<br><br> v.<br><br>GIGI MATTESON,<br><br>  Respondent. | Case No. 1:24-cv-00075-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF PETITIONER'S MOTION TO CONDUCT FRANKLIN HEARING<br><br>(ECF No. 2)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Isidro Reyes is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the undersigned recommends that the petition be dismissed as an unauthorized successive petition.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Second or Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Here, Petitioner challenges his 2019 Tulare County Superior Court first-degree murder conviction for which he was sentenced to an imprisonment term of fifty years to life. (ECF No. 1 at 1.[1]) Petitioner previously sought federal habeas relief in this Court with respect to the same conviction, and the petition was denied on the merits on February 14, 2024. See Order, Reyes v. Matteson, No. 1:23-cv-00958-JLT-EPG (E.D. Cal. Feb. 24, 2024), ECF No. 19.[2] Thus, the Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). As Petitioner has already filed a federal petition for writ of habeas corpus regarding his 2019 Tulare County Superior Court conviction, Petitioner cannot file another petition in this Court regarding the same conviction without first obtaining permission from the United States Court of Appeals for the

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  Ninth Circuit. Petitioner makes no showing that he has obtained prior leave from the Ninth
2  Circuit to file this successive petition. Therefore, this Court has no jurisdiction to consider
3  Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition.
4  See Burton, 549 U.S. at 157.

### B. Motion to Conduct Franklin Hearing

Along with the petition, Petitioner filed a motion for the Court to conduct a hearing pursuant to California Penal Code sections 1203.1, 3051, and 4801 and People v. Franklin, 63 Cal.4th 261, 284 (2016). (ECF No. 2.) It appears that the motion was mistakenly mailed to this Court because it is addressed to the Tulare County Superior Court and the Tulare County District Attorney's Office. (Id. at 1, 6.) Further, the basis for the motion is state law. Accordingly, the undersigned recommends that the motion be denied.

## II.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition; and
2. Petitioner's motion to conduct a Franklin hearing (ECF No. 2) be DENIED.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified

///

1  time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d
2  834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 12, 2024**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE