UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO REYES,<br><br>  Petitioner,<br><br> v.<br><br>GIGI MATTESON,<br><br>  Respondent. | No. 1:24-cv-00075-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION TO CONDUCT FRANKLIN HEARING, DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 2, 7, 8) |

Isidro Reyes is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 12, 2024, the magistrate judge issued Findings and Recommendations recommending that the petition for writ of habeas corpus be dismissed as an unauthorized successive petition and that Petitioner's motion to conduct *Franklin* hearing be denied. (Doc. 7.) The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 30 days. (*Id.* at 3.) The Court further advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner filed a motion

1

for certificate of appealability[1] and objections to the Findings and Recommendations. (Docs. 8, 9.)

According to provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the Findings and Recommendations to be supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 12, 2024 (Doc. 7) are **ADOPTED IN FULL**.
2. Petitioner's motion to conduct *Franklin* hearing (Doc. 2) is **DENIED**.

---

[1] The motion for a certificate of appealability appears to be a copy of a motion that has already been directed to the Ninth Circuit. (Doc. 8.)

3. The petition for writ of habeas corpus is **DISMISSED**.

4. Petitioner's motion for certificate of appealability (Doc. 8) is **DENIED**.

5. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: __**May 17, 2024**__

_____
UNITED STATES DISTRICT JUDGE